HOLCOMBE, appellant, and HOLCOMBE'S EXECUTORS, respondents.

1. A decree of the Orphans Court which, in a case where, by will, a fund was given for life to one, with remainder to another, directed the executor to set aside, out of other moneys of the remainder-man, a fund to pay the taxes on the first-mentioned investment, reversed.

2 Where a fund is given for life to A, with remainder to B, the former is bound to pay the annual taxes.

Appeal from decree of Hunterdon Orphans Court.

*Mr. G. A. Allen,* for appellant.

*Mr. J. T. Bird,* for respondents.

THE ORDINARY.

Jacob H. Holcombe, deceased, late of the county of Hunterdon, by his will, gave to his daughter, Mrs. Sharp, the interest, for life, of certain investments, with provision that if she should have living issue, the principal should go to her, but otherwise, on her death, it was to be equally divided between his sons, Christopher and Josiah. He appointed Christopher and Hiram Holcombe, executors. On the settlement of the accounts of Hiram Holcombe, as one of the executors, in the Hunterdon Orphans Court, it appeared that the money to be invested for Mrs. Sharp amounted to $16,427.15, of which one-half was held by Christopher,

and the other by Hiram Holcombe. That court, among other things, decreed that the latter should retain out of the other money given to Josiah by the will, $2000, to be invested as a fund for the payment of the taxes on the investment for Mrs. Sharp, in the hands of Hiram Holcombe. From that part of the decree, Josiah appealed to this court. It is quite clear that the decree is, in this respect, erroneous. The court had no right to sequester any of the money of Josiah to pay the taxes on the investment for Mrs. Sharp, or any part of it, notwithstanding his interest therein. It is alleged, and for the purposes of this decision it may be assumed, that there is no possibility of issue of Mrs. Sharp, and that Josiah, therefore, has a vested remainder in the last-mentioned fund, which is practically not liable to be defeated. According to the rule by which the duties and liabilities of tenants for life of real property are fixed, Mrs. Sharp is bound to pay the taxes assessed upon the fund, during her life. That rule is applicable to the investment. *Hill on Trustees* 395; *Perry on Trusts*, § 554; *Atwood* v. *Lamprey, in note to East* v. *Thornbury*, 3 *P. W.* 126; *Currie* v. *Goold*, 2 *Madd.* 163, 426; *Holmes* v. *Taber*, 9 *Allen* 246. In the last case the annual state, county and town tax was assessed against the trustee of a fund, in the lifetime of the life-tenant, who died within a month thereafter, and before the tax had been paid. Apportionment between the estate of the life-tenant and the remainder-man was refused. The assessment was made under the tax law of Massachusetts, which provided that the tax on such funds should be paid out of the income, by the trustee, if resident in the state, but if not, then by the person entitled to the income. To require the life-tenant to pay the annual tax assessed upon the fund, is in accordance with the maxim, *Qui sentit commodum, sentire debet et onus.* The reason for requiring of a life-tenant of land the payment of the taxes, applies with equal force to the life-tenant of a fund. By the sixty-ninth section of the act of 1866, (*Nix. Dig.* 952, § 7,) the trustee is liable to be assessed for the fund. He will retain the tax out of the interest. The part of the decree of the Orphans Court appealed from will be reversed, with costs payable out of the estate.